Li v. Barr
BIA
Wright, IJ
A206 570 449

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty.

PRESENT:
JOSÉ A. CABARANES,
SUSAN L. CARNEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

_____

MENGJIE LI,
*Petitioner,*

v.                                                    18-469
                                                      NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Wei Gu, Esq., Albertson, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; John S. Hogan,
                         Assistant Director; Todd J.
                         Cochran, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mengjie Li, a native and citizen of the People's Republic of China, seeks review of a January 24, 2018 decision of the BIA affirming a June 1, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mengjie Li,* No. A206 570 449 (B.I.A. Jan. 24, 2018), *aff'g* No. A206 570 449 (Immig. Ct. N.Y. City June 1, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral

statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Under the totality of the circumstances, substantial evidence supports the adverse credibility determination given the demeanor finding, Li's lack of familiarity with his documentary evidence, and Li's failure to provide reliable corroborating documents.

The agency did not err in relying on Li's initial lack of responsiveness. An IJ may base a credibility determination on the "demeanor, candor, or responsiveness of the applicant." 8 U.S.C. § 1158(b)(1)(B)(iii). "We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to

3

observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The record supports the IJ's conclusion that Li was not responsive when asked his reason for being in the United States, as he had to be asked four times before he provided a reason relating to his alleged persecution.

The IJ also reasonably relied on Li's lack of familiarity with his own evidence and the resulting inconsistency between his testimony and the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Li testified that he had no documents related to his arrest, and when confronted with a document he submitted from the Public Security Bureau describing his arrest and punishment, he stated he was unaware that it had been submitted. That document contradicted Li's assertion that he had not received any documents from the government related to his arrest.

In addition to these problems with Li's testimony and evidence, the agency relied on the fact that Li testified to details — a police visit to his school and a two-day

4

hospitalization — that were not included in his application or a letter from his parents. But while it could be argued that the agency overemphasized these omissions, which were not inconsistent with Li's oral statements, *Hong Fei Gao*, 891 F.3d at 78–81, the agency reasonably questioned Li's credibility based on his unresponsiveness and inconsistency regarding the documentary evidence of his arrest and Li's failure to rehabilitate his testimony with reliable corroborating evidence.

"An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). First, Li did not corroborate the basis of his claim because he did not provide a copy of the article he allegedly wrote or proof of the existence of the website he published the article on. Second, the IJ was not required to give significant weight to the letter from Li's parents because it did not confirm his alleged two-day hospitalization and it was from interested parties who were unavailable for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (explaining that "[w]e generally defer to the

5

agency's evaluation of the weight to be afforded an applicant's documentary evidence" and deferring to IJ's decision to afford little weight to letter from spouse in China). Third, the IJ did not err in declining to give weight to the document from the Public Security Bureau, given that Li testified that he had never received such a document and had not been aware that it was submitted in support of his application. Last, while Li's hospital record stated that he was treated after being beaten and detained by the police in 2011, the IJ was not required to afford it significant weight because it did not confirm Li's testimony that he spent two nights at the hospital. *See id*. at 332.

Accordingly, given the demeanor finding, Li's lack of familiarity with his documentary evidence, and the absence of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. That determination is dispositive of asylum, withholding of removal, and CAT relief, because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court